UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24109-COOKE/DAMIAN

VENIT BAPTISTE, *for minor child*,

    Plaintiff,

vs.

OLYMPIA HEIGHTS ELEMENTARY
SCHOOL,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
MOTION FOR REFERRAL TO VOLUNTEER ATTORNEY PROGRAM AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S *PRO SE* COMPLAINT**

    THIS CAUSE is before the Court on Plaintiff, Venit Baptiste's ("Plaintiff"), Motion for Leave to Proceed *In Forma Pauperis* (the "IFP Motion"), [ECF No. 3], and Motion for Referral to Volunteer Attorney Program (the "Referral Motion"), [ECF No. 4], (collectively, the "Motions"). This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 6]. *See* 28 U.S.C. § 636(c).

    The undersigned has reviewed the Motions, Plaintiff's Complaint, and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's IFP Motion [ECF No. 3] is **DENIED AS MOOT**, and Plaintiff's Referral Motion [ECF No. 4] is **DENIED WITHOUT PREJUDICE**. Additionally, the undersigned recommends that Plaintiff's *pro se* Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **BACKGROUND**

On November 22, 2021, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights, pursuant to 42 U.S.C. § 1983. [ECF No. 1 ("Complaint")]. Specifically, Plaintiff brought a claim for deprivation of rights under color of law alleging that her seven-year-old son was "racially profiled" and "treated less favorably" by Defendant, Olympia Heights Elementary School ("Olympia Heights" or "Defendant"), after he was "victimized" and "physically assaulted" by another student at the elementary school in December 2019. *Id.* at 4. Plaintiff further alleges that her minor son was "targeted" and "bullied" since enrolling at Olympia Heights. *Id.* Plaintiff seeks $10 million in compensatory and punitive damages. *Id.* at 5.

Along with the Complaint, Plaintiff filed the IFP Motion in the form of an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). [ECF No. 3]. In the IFP Motion, Plaintiff states she is unemployed and receives $300.00 in child support as her total monthly income. *Id.* at 2, 5. Plaintiff lists a 2010 Scion XB as an asset worth approximately $5,000. *Id.* at 3. Plaintiff has two minor children and lists total monthly expenses of $690.00. Plaintiff declares that she is unable to pay the costs of these proceedings. Plaintiff also filed the Referral Motion requesting *pro bono* representation through the Court's Volunteer Attorney Program. [ECF No. 4].

The undersigned notes that Plaintiff previously filed a similar action concerning the same allegations and against the same Defendant as in this case.[1] In *Baptiste v. Bourland* (referred to herein as the "*Bourland* case"), Plaintiff filed a *pro se* complaint against several entities, including Olympia Heights, and against several individuals, including the principal

---

[1] That action, styled *Baptiste v. Bourland et al.*, was filed in this district court on June 10, 2021, under case number 21-cv-22159-JEM.

2

of Olympia Heights., No. 21-cv-22159-JEM, 2022 WL 1110095, at *2 (S.D. Fla. Feb. 21, 2022), *report and recommendation adopted*, 2022 WL 669307 (S.D. Fla. Mar. 7, 2022). In that complaint, Plaintiff alleged, in relevant part, that the defendants

> violated the Plaintiff's Human Rights and Civil Rights. The aggrieved party was injured by a bully on December 2, 2019. The defendant(s) failed to not only protect the plaintiff from acts of violence, but has also created a false ultimatum to protect themselves.

*Id.* The court dismissed Plaintiff's complaint in the *Bourland* case without prejudice, finding that Plaintiff's *pro se* complaint fails to provide "sufficient factual matter to allow the Court to reasonably infer what the claim or claims for relief against Defendants may be." 2022 WL 669307, at *1. In addition, the court found that Plaintiff's complaint contains bare and conclusory allegations and does not identify what actions the defendants took that could form the basis for any theory of liability. *Id.* The court also denied as moot Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and denied without prejudice Plaintiff's Motion for Referral to Volunteer Attorney Program. *Id.*[2] The allegations and claims in the *Bourland* case are nearly identical to those in the instant case.

## II.   APPLICABLE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1914(a), "parties instituting a civil action, suit or proceeding in [a district] court, whether by original process, removal or otherwise" are required to "pay a filing fee of $[402.00]."[3] However, courts may permit parties to proceed *in forma pauperis* to

---

[2] The record in the *Bourland* case shows that Plaintiff filed a *pro se* Amended Complaint on March 21, 2022 and filed a second Motion for Leave to Proceed *In Forma Pauperis* and Motion for Referral to Volunteer Attorney Program. Defendant, Olympia Heights, was terminated from that action since Plaintiff only brought claims against individual defendants associated with Defendant's elementary school.

[3] That fee includes a filing fee of $350.00 plus an administrative fee of $52.00 for a total of $402.00.

3

initiate a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)).

To proceed *in forma pauperis*, a litigant must file "in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit." *Id.* at 324. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Adkins*, 335 U.S. at 338–40). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976).[4]

A court has "wide discretion" in determining whether to grant or deny a motion pursuant to 28 U.S.C. § 1915(a). *Martinez*, 364 F.3d at 1306 ("This is especially true . . . in

---

[4] Although there is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases, courts often look to the Poverty Guidelines issued by the Department of Health and Human Services, which lists $13,590.00 as the annual income for a family of one. *See* Department of Health and Human Services, Office of the Secretary, Annual Update of the HHS Poverty Guidelines, 87 Federal Register 3315–3316 (Jan. 21, 2022).

civil cases for damages, wherein the courts should grant the privilege sparingly." (citation omitted)). Therefore, pursuant to Section § 1915(e)(2), courts are required to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue" or "the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A)–(B).

The allegations in a *pro se* litigant's complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although the Court is required to show leniency to a *pro se* plaintiff's pleadings, her complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, *pro se* complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). To state a plausible claim for relief, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

With the foregoing in mind, the undersigned turns to Plaintiff's requests to proceed *in forma pauperis* and for referral to the Court's Volunteer Attorney Program and also considers the allegations in Plaintiff's *pro se* Complaint.

As a threshold matter, a review of the allegations in Plaintiff's Complaint reveals that the Complaint fails to state a claim upon which relief may be granted as further discussed below. Therefore, although Plaintiff meets the financial requirements to proceed *in forma pauperis* based on Plaintiff's lack of income as reported in the IFP Motion, the undersigned finds that the IFP Motion should nonetheless be denied as moot because the complaint fails to comport with the applicable federal pleading requirements.

As indicated above, on November 22, 2021, Plaintiff filed the action before this Court solely against Olympia Heights. *See* Complaint. As in the *Bourland* case, Plaintiff's Complaint here includes a single paragraph for the statement of claim alleging:

> My child was physically assaulted by a white student, being the only "black" student in the class, he was targeted, bullied, and consequently injured. The school treated my child less favorably because of his race/color. He was left in excruciating pain after he was stabbed in the school cafeteria, they made no effort [to] contact any emergency contacts. He was abused, physically and mentally and left to suffer because he was the only "black" student at the school. Since enrolling into the school he was targeted and racially profiled.

*Id.* at 4. This Court finds the court's reasoning in the *Bourland* case to be persuasive. As the court found in the *Bourland* case, the conclusory and bare allegations in Plaintiff's Complaint in the instant case are insufficient to allow the Court to make a reasonable inference as to what the claim or claims against Defendant may be. 2022 WL 1110095, at *2. Plaintiff's Complaint simply states that Plaintiff's son was allegedly assaulted by another student at Defendant's elementary school. The Complaint does not specify how Defendant can be held

liable for the actions of a third person or what specific action (or inaction) by Defendant further contributed to Plaintiff's son's suffering after the alleged assault. Similarly, Plaintiff lists herself as the only plaintiff but includes a notation "for (minor child)" in the case caption. As the court found in the *Bourland* case, it is unclear whether Plaintiff intended to bring claims on her own behalf or that of her minor son.[5] 2022 WL 669307, at *1.

Because the Complaint does not satisfy the minimum pleading requirements of the Federal Rules of Civil Procedure, Plaintiff's IFP Motion must be denied as moot.

As to Plaintiff's Referral Motion, "in order for a court to refer a plaintiff for *pro bono* representation, 'the court must consider the likelihood of success on the merits and the complexity of the legal issues involved in the case.'" *Id.* at *2 (quoting *Harris*, 2015 WL 4111884, at *1). As indicated above, this Court finds the reasoning and conclusions of the court in the *Bourland* case are persuasive, and, as the court found in the *Bourland* case, because "Plaintiff's complaint does not contain information sufficient for the Court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits," Plaintiff's Referral Motion should be denied without prejudice in this case as well. 2022 WL 1110095, at *2 (cleaned up). Plaintiff may file another motion for appointment of *pro bono* counsel should she decide to file an amended complaint in this action that comports with the basic pleading requirements of the Federal Rules of Civil Procedure. *Id.*

---

[5] Although Plaintiff has a right to represent herself *pro se* (*i.e.*, without a lawyer) in federal court, 28 U.S.C. § 1654, that right to proceed *pro se* only extends to Plaintiff, personally. Therefore, Plaintiff cannot represent the interest of her minor child. *See Harris v. City of Portland*, No. 3:15-cv-00853, 2015 WL 4111884, at *2 (D. Or. July 7, 2015).

### IV. CONCLUSION

For all the reasons set forth above, the undersigned finds that Plaintiff's *pro se* Complaint fails to state a claim upon which relief may be granted and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED AS MOOT**. It is further

ORDERED and ADJUDGED that Plaintiff's Motion for Referral to Volunteer Attorney Program [ECF No. 4] is **DENIED WITHOUT PREJUDICE**.

The undersigned respectfully RECOMMENDS that Plaintiff's *pro se* Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Plaintiff will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers at Miami, Florida, this 6th day of June 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marcia G. Cooke

      Venit Baptiste
      10335 SW 40th Street #310
      Miami, FL 33165