UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24109-CIV-COOKE/Damian

**VENIT BAPTISTE**, *for minor child*,

    Plaintiff,

v.

**OLYMPIA HEIGHTS ELEMENTARY SCHOOL**,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Magistrate Judge Melissa Damian's Order on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* . . . and Report and Recommendation on Plaintiff's *Pro Se* Complaint [ECF No. 7], filed June 6, 2022.  Judge Damian denies Plaintiff's Motion for Referral to the Attorney Volunteer Program [ECF No. 4] and Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3].  (*See* Order 8).  Judge Damian also recommends that the Court dismiss without prejudice Plaintiff's Complaint [ECF No. 1].  (*See id.*).  Judge Damian advised Plaintiff she had 14 days to file objections to the Report; to date, Plaintiff has not filed objections or requested additional time to do so.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, as here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear

CASE NO. 21-24109-CIV-COOKE/Damian

that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)).  Here, Plaintiff has filed no objections, so the Court applies the clear error standard.

Judge Damian concludes that Plaintiff has failed to state a claim for relief.  Specifically, Judge Damian concludes that Plaintiff does not explain how Defendant can be liable for the actions of a third party, nor does she specify whether Plaintiff brings this action on her own behalf, or that of her minor child.  (*See* Order 6–7).  Judge Damian therefore recommends that the case be dismissed without prejudice.  (*See id.* 8).

The undersigned has reviewed Judge Damian's report, the record, and the applicable law to assure herself that no clear error appears on the face of the record.  Considering that review, the undersigned agrees with Judge Damian's analysis and recommendations.  Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 7]** is **ACCEPTED AND ADOPTED**.  Plaintiff's Complaint **[ECF No. 1]** is DISMISSED without prejudice.  The Clerk is instructed to mark the case as CLOSED.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2022.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE
On behalf of Marcia G. Cooke, U.S. District Judge**

cc:   Melissa Damian, U.S. Magistrate Judge
      counsel of record